UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ISAAC WILLIAM GREGORY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:24 CV 38 |
| | ) |
| WHITE COUNTY SUPERIOR COURT, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on the parties' motions to dismiss. (DE ## 25, 32, 34.) For the reasons that follow, defendants Brad Woolley and Mark Delgado's motion will be granted and plaintiff Isaac Gregory's motion will be denied.

I.   BACKGROUND

Plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against defendants White County Superior Court, White County Superior Court Judge Brad Woolley, Clerk of Court Laura Cosgray, and Prosecutor Mark Delgado, alleging that the White County Superior Court violated his constitutional rights. (DE # 1 at 5.) He seeks to be "exonerated" from the findings of the White County Superior Court. (*Id.* at 6.)

At the heart of plaintiff's claim is a criminal case against him in the White County Superior Court, under cause number 91D01-2207-f6000116. (*See id.*, DE # 32.) Plaintiff's complaint identifies three specific dates on which he believes the state court violated his constitutional rights: July 4, 2022 (he claims the court infringed on his right to travel, obtain property, and detained him); July 25, 2023 (he claims the court

unlawfully detained him for contempt); and August 8, 2023 (he claims the court issued a warrant against him). (DE # 1 at 5.)¹ A review of the state court case reveals that on July 4, 2022, plaintiff was charged with possession of marijuana and paraphernalia, and driving on a suspended license. (DE # 26-1.) It appears he was arrested and released on bond the following day. On July 25, 2023, plaintiff was briefly placed in contempt of court when he refused to provide a urine drug screen ordered by the court based on his behavior in court. (DE # 26-2.) Once he provided the urine sample, the court purged the contempt order. (*Id.*) On August 8, 2023, a warrant was filed against plaintiff after he failed to appear for a status conference. (DE # 26-3.)

Plaintiff filed this action on April 5, 2024, while his criminal case was still pending against him. The criminal case concluded on August 21, 2024, after the briefing on the pending motions had been completed. Plaintiff pled guilty to possession of marijuana and was sentenced to a time-served term of 74 days' imprisonment.

Defendants Delgado and Woolley now move to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim. Plaintiff did not respond to defendants' motion, but rather filed his own motion to dismiss (DE ## 32, 34), in which he reiterates his complaint's request that this court dismiss the state court action.

---

¹ Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/. A district court may take judicial notice of public court documents filed in a state court case when ruling on a motion to dismiss, without converting the motion into a motion for summary judgment. *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022); *Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Plaintiff's motion to dismiss is summarily denied.

## II. LEGAL STANDARD

The question of subject matter jurisdiction falls under Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) motion can present either a facial or factual challenge to subject matter jurisdiction. *Apex Digital, Inc. v. Sears, Roebucks & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). A facial attack, like this one, is a challenge to the sufficiency of the pleading itself. *Id.* at 443. When such a challenge has been presented, the court takes all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Id.* at 444; *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

Defendants also move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City*

3

*of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**III.   DISCUSSION**

   *A.*   Rooker-Feldman *Does Not Apply*

Defendants first argue that this court lacks jurisdiction over plaintiff's claims based on the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine derives its name from two decisions of the United States Supreme Court, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The doctrine deprives federal district courts of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments

4

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The *Rooker-Feldman* doctrine precludes a district court from adjudicating a case only when the federal suit started *after* a state court has ruled against the federal plaintiff. *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 766 (7th Cir. 2024); *Cossio v. Blanchard*, 836 F. App'x 434, 436 (7th Cir. 2020); *Straw v. Indiana Supreme Ct.*, 692 F. App'x 291, 294 (7th Cir. 2017). Thus, the *Rooker-Feldman* doctrine is not applicable here because plaintiff filed the federal action before the conclusion of his state court case. *Younger* abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), does not apply because the state court case is now over. *See Straw*, 692 F. App'x at 294. Rather, the relevant doctrine is preclusion, otherwise known as res judicata (claim preclusion) or collateral estoppel (issue preclusion). *See Cossio*, 836 F. App'x at 436. However, preclusion is an affirmative defense and has not been raised by the defendants. *See Forty One News, Inc. v. Cnty. of Lake*, 491 F.3d 662, 664 (7th Cir. 2007); *Nelson v. Murphy*, 44 F.3d 497, 503 (7th Cir. 1995). Likewise, while a plaintiff may not utilize § 1983 to pursue what in essence is a collateral attack on a state court criminal judgment, *see Bell v. Raoul*, 88 F.4th 1231, 1234 (7th Cir. 2023) (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) and *McDonough v. Smith*, 588 U.S. 109, 117 (2019)),[2] this defense also has not been raised by

---

[2] *See also Savory v. Cannon*, 947 F.3d 409, 430–31 (7th Cir. 2020) (*Heck*'s favorable-termination rule applies even when a plaintiff has been released from custody).

5

defendants. *See Bell*, 88 F.4th at 1234 ("*Heck* did not announce a jurisdictional rule, but instead more of an affirmative defense that can be waived by an opposing party[.]").

### B. Defendants Are Immune

There are, however, affirmative defenses that defendants *have* raised: judicial and prosecutorial immunity. *See Tully v. Barada*, 599 F.3d 591, 594 (7th Cir. 2010) (absolute immunity is an affirmative defense). An immunity defense typically depends on the facts of the case, and therefore dismissal is often inappropriate at the pleading stage. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). "Complaints need not anticipate or attempt to defuse potential defenses." *U.S. Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003). However, as with other affirmative defenses, "[a] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense[.]" *Id.* "[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Burns v. Reed*, 500 U.S. 478, 486 (1991).

While plaintiff does not identify specific wrong-doing by defendants Woolley and Delgado, the context of the complaint makes clear that plaintiff challenges Prosecutor Delgado's decision to pursue criminal charges and Judge Woolley's contempt order and warrant against plaintiff. Both defendants are immune from such claims. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Rehberg v. Paulk*, 566 U.S. 356, 363 (2012) (actions taken by prosecutors

6

in their role as advocates are absolutely immune from liability for damages under § 1983). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quotation marks and citation omitted)); *see also Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). Additionally, "[a] judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Plaintiff's claims that defendants Woolley and Delgado violated his constitutional rights in filing a criminal complaint against him, holding him in contempt of court, and issuing a warrant against him, are entitled to absolute immunity.

Ordinarily, the court should afford a *pro se* litigant an opportunity to replead before dismissing the case with prejudice. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. The court finds no basis to conclude that, if given another opportunity, plaintiff could state a viable federal claim against these defendants, consistent with the

7

allegations he has already made.

IV.   **CONCLUSION**

For the foregoing reasons, the court **GRANTS** defendants Mark Delgado and Brad Woolley's motion to dismiss (DE # 25), and **DIRECTS** the Clerk to terminate these defendants from this case. The court **DENIES** plaintiff's motion to dismiss. (DE ## 32, 34.)

**SO ORDERED.**

Date: March 24, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT