UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ISAAC WILLIAM GREGORY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:24 CV 38 |
| | ) |
| LAURA COSGRAY, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant Laura Cosgray's motion to dismiss. (DE # 49.) For the reasons that follow, the motion will be granted.

### I.   BACKGROUND

Plaintiff Isaac Gregory filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the moving and only remaining defendant, White County Clerk of Court Laura Cosgray, as well as the now-dismissed defendants, White County Superior Court, White County Superior Court Judge Brad Woolley, and Prosecutor Mark Delgado.[1] (DE # 1.) Plaintiff's complaint alleges that the White County Superior Court violated his constitutional rights and he seeks to be "exonerated" from the findings of the White County Superior Court. (*Id.* at 5-6.)

At the heart of plaintiff's claim is a criminal case against him in the White County Superior Court, under cause number 91D01-2207-f6000116. (*See id.*, DE # 32.)

---

[1] This court has already dismissed all other defendants in this case on the basis that they were absolutely immune, or that plaintiff failed to state a claim. (DE ## 41, 48.)

Plaintiff's complaint identifies three specific dates on which he believes the state court violated his constitutional rights: July 4, 2022 (he claims the court infringed on his right to travel, obtain property, and detained him); July 25, 2023 (he claims the court unlawfully detained him for contempt); and August 8, 2023 (he claims the court issued a warrant against him). (DE # 1 at 5.)[2] A review of the state court case reveals that on July 4, 2022, plaintiff was charged with possession of marijuana and paraphernalia, and driving on a suspended license. (DE # 26-1.) It appears he was arrested and released on bond the following day. On July 25, 2023, plaintiff was briefly placed in contempt of court when he refused to provide a urine drug screen ordered by the court based on his behavior in court. (DE # 26-2.) Once he provided the urine sample, the court purged the contempt order. (*Id.*) On August 8, 2023, a warrant was filed against plaintiff after he failed to appear for a status conference. (DE # 26-3.)

Plaintiff filed this action on April 5, 2024, while his criminal case was still pending against him. The criminal case concluded on August 21, 2024. Plaintiff pled guilty to possession of marijuana and was sentenced to a time-served term of 74 days' imprisonment.

Defendant filed her answer to plaintiff's complaint in May of 2024 (DE # 24),

---

[2] Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/. A district court may take judicial notice of public court documents filed in a state court case when ruling on a motion to dismiss, without converting the motion into a motion for summary judgment. *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022); *Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

before filing the present motion to dismiss in May of 2025. (DE # 49.) Plaintiff did not file a response to defendant's motion to dismiss, and the time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d).

## II. LEGAL STANDARD

Defendant styles her motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE # 49.) However, because this motion comes after she filed her responsive pleading, it should have been brought as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). "A Rule 12(c) motion . . . provides a vehicle for the defendant to raise several of the defenses enumerated in Rule 12(b)—including failure to state a claim upon which relief can be granted—after the close of the pleadings." *Wolf v. Riverport Ins. Co.*, 132 F.4th 515, 518 (7th Cir. 2025) (citing Fed. R. Civ. P. 12(h)(2)(B).). "The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020).

"[U]nder Rule 12(c), as under Rule 12(b)(6), the factual allegations in the complaint, accepted as true, must 'raise a right to relief above the speculative level' for the suit to proceed any further." *Wolf*, 132 F.4th at 519 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (adopting plausibility standard)). To meet the plausibility standard, the plaintiff needs a recognizable legal right and the factual allegations in the complaint must support a reasonable inference that the defendant can be held liable for a deprivation of that right. *Id.*

3

### III. DISCUSSION

Defendant argues that plaintiff's complaint fails to allege that defendant participated in any violation of plaintiff's rights, and therefore plaintiff has failed to state a claim against defendant. Defendant is correct. Liberally construing the complaint, the court infers that defendant (presumably in her official capacity) was responsible for filing the warrant and contempt order issued by Judge Woolley. Even accepting all of plaintiff's well-pleaded allegations as true, there is no reasonable inference that could be made, based on this fact, that defendant violated any of plaintiff's constitutional rights.

Ordinarily, the court should afford a *pro se* litigant an opportunity to replead before dismissing the case with prejudice. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. The court finds no basis to conclude that, if given another opportunity, plaintiff could state a viable federal claim against defendant, consistent with the allegations he has already made.

### IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** defendant Laura Cosgray's motion (DE # 49), construed as a motion for judgment on the pleadings. The resolution

4

of this motion resolves all claims remaining in this case, as the court previously dismissed defendants White County Superior Court, Brad Wooley, and Mark Delgado. As such, final judgment as to all parties is now appropriate. For this reason, the court **DIRECTS** the Clerk to **ENTER FINAL JUDGMENT** stating:

> Judgment is entered in favor of defendants Laura Cosgray, White County Superior Court, Brad Wooley, and Mark Delgado, and against plaintiff Isaac William Gregory, who shall take nothing by way of the complaint.

**SO ORDERED.**

Date: August 15, 2025

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT